IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERRICK M. WILLIAMS**                                                                   **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO.: 4:25-cv-89-SA-JMV**

**OFFICER BRYAN BRACEY**                                                 **DEFENDANT**

**ORDER DENYING MOTION FOR RECONSIDERATION, MOTION FOR ABUSE OF PROCESS, MOTION TO SEVER, MOTION TO REINSTATE MOTION TO COMPEL DISCOVERY, AND MOTION FOR ABUSE OF PROCESS**

This matter is before the Court on five pending motions filed by the *pro se* Plaintiff, namely a Motion for Reconsideration [Doc. 68], Motion for Abuse of Process [Doc. 75], Motion to Sever [Doc. 77], Motion to Reinstate [Doc. 29] Motion to Compel Discovery [Doc. 78], and Motion for Abuse Process [Doc. 79]. As discussed below, all five motions are **DENIED.**

**The Motion for Reconsideration [Doc. 68]**

The entirety of the motion states as follows:

"Notice of Appeal"
Memorandum in Support

I Derrick M Williams study Federal Court Rules so therefore I did amend my civil forms. Asking the court please accept my amended forms. The letter was with each amended Civil forms. I call the defendant attorney informing him of the amended return and also mail him copies of each motion. I call your assistant to inform her of the up coming [sic] amended forms and motions. I didn't tell her I enclosed an [sic] letter with the motion. She replied "You can send them in," like she was giving me permission. So I study Federal Court rules I notice the defendant attorney motions exceed more than 4 pages. So by me studying federal court rules the defendant attorney motions shouldn't be recognized this court and it sayings all motions should be separated. So therefore my [sic] I ask this court to dismiss defendant motions. And restore my motion and continue proceeding.

[Doc. 68] at 1.[1]

**The Motions for Abuse of Process [Doc. 75] and [Doc. 79]**

The entirety of the motions state as follows:

Motion for Abuse of Process

The Defendant violated American Bar Association model rules of Professional Conduct, Rule 3.3 Candor Toward the Tribunal, Misrepresenting Facts. Rule 3.5 Impartially [sic] and Decorum Of the Tribunal influencing a Judge, showing disrespect. Rule 6.4 Misconduct.

[Doc. 75].

Motion of Abuse Process

Memorandum

1. I Derrick M Williams let the defendant know up front. That I Derrick M Williams have an [sic] post conviction petition against The City of Drew and Sunflower County in Supreme court. The Defendant had all case consolidated Including Officer Brayn Bracey and Washington County.
2. The Defendant Ignored and continue his proceeding. Which violate Civil Federal Court Rule 11 and ABA Model Rules Of Professional Conduct 3.3 misconduct
3. My [sic] I Ask this Court to dismiss the defendant defense and reward all damage in Plaintiff favor.

[Doc. 79].

**The Motion to Sever [Doc. 77]**

The entirety of the motion states as follows:

Motion to Sever

Memorandum

I Derrick M Williams have an [sic] Post-Conviction Petition pending in Supreme Court against the Defendant. So therefore it would be unfair to make judgement [sic] on the case. May I ask this court to separate this case.

The defendant attorney is aware of the pending petition in Supreme Court.

May I ask this court to separate this case. Washington County, Et Al, have separate charges. The case should not be consolidated with other cases.

---

[1] There are four "Notice of Appeal" motions enclosed referencing the prior four separate causes of action that were consolidated by virtue of this Court's Order [Doc. 4] dated July 1, 2025. However, on the second page, there is a handwritten addition that states, "I have file an post-conviction petition on Drew offense trying to get the sentence over turn [sic]." [Doc. 68] at 2.

[Doc. 77].

**Motion to Reinstate Compel Discovery [Doc. 78]**

The entirety of the motion states as follows:

Motion to Reinstate Compel Discovery

Memorandum

The Defendant violated Federal Rules of Civil Procedure Rule 37. As seen in Defendant Affirmative Defense.

[Doc. 78].

**Defendants' Responses in Opposition**

On October 21, 2025, Defendants The City of Drew, Mississippi and Officer Bryan Bracey (collectively the "Municipal Defendants"), filed a response in opposition to the motions. Therein, Defendants request "that pro se Plaintiff Derrick Williams be required to show cause why he should not be sanctioned." [Doc. 86] at 1.

As it relates to Plaintiff's prolific filings in general, Defendants argue as follows:

> What began as relatively run-of-the-mill, albeit frivolous, motions on behalf of the Plaintiff quickly spiraled into a pattern of baseless and burdensome filings that both the Municipal Defendants and the Court are required to address. The Court has been able to cull down the filings to some degree, but the confusing nature of the motions, and the unclear relief sought, complicates the process significantly. In light of these facts, Municipal Defendants request that pro se Plaintiff be required to show cause why he should not be sanctioned. The Fifth Circuit has made clear that "Pro se litigants are not immune from the imposition of sanctions if they 'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *See Vinson v. Colom*, 2000 WL 1056297, *1 (5th Cir. 2000) (quoted case omitted). And that is especially so when, as here, a pro se Plaintiff has been granted the privilege of proceeding without paying the filing fee. *See, e.g., Vinson v. Tex, Bd. of Corrs*., 901 F.2d 474, 475 (5th Cir. 1990) (affirming district court's imposition of $150 monetary sanction against a pro se plaintiff who abused the right to proceed IFP). As another district court in this Circuit explained, "pro se status does not relieve [a plaintiff] from complying with relevant rules of procedural and substantive law, including avoidance of filing repetitive, vexatious, or frivolous motions." *See United States v. Holly*, 2023 WL 6037832, *2 (E.D. La. 2023).

[Doc. 86] at 3-4.

3

With regard to Plaintiff's motion for reconsideration [Doc. 68], Defendants correctly assert that at the time Plaintiff filed this motion, there were no pending motions on the docket filed by any defendant, so it is unclear exactly what motion Plaintiff claims is over four pages. As such, Plaintiff's request is due to be denied. Furthermore, any request by the Plaintiff for reconsideration of the Court's Order administratively closing the member cases [Doc. 60] is denied. All four cases were consolidated on July 1, 2025, by virtue of the Order of Consolidation [Doc. 4], due to the relatedness of the cases, and no compelling reasons necessitating reconsideration have been provided. With regard to any "amended forms," the Court detailed its reasons for striking the unauthorized attempted amended complaints for failure to comply with Federal Rule of Civil Procedure 15 in its prior Order [Doc. 60], and no reason to reconsider said rulings have been articulated. Accordingly, **the Motion for Reconsideration [Doc. 68] shall be and is hereby DENIED.**

With regard to the motions for abuse of process [Doc. 75; 79], Defendants state:

> Plaintiff's Motions for Abuse of Process [Doc. Nos. 75 & 79] claim that undersigned counsel has violated the Federal Rules of Civil Procedure, the rules of professional conduct, the American Bar Association rules, and forced the wrongful consolidation of the Associated Cases: 4:25-cv-00089-SA-JMV, 4:25-cv-00094-MPM-DAS, 4:25-cv-00097-DMB-DAS, and 4:25-cv-00098-MPM-JMV. Plaintiff has failed to produce any argument, fact, or evidence to substantiate these allegations. Again, the undersigned counsel has abided by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff has not shown otherwise.

[Doc. 86] at 2.

The Court agrees with Defendants and finds that Plaintiff has failed to produce any argument, fact, or evidence to substantiate his unwieldy allegations. As such, the **Motions for Abuse of Process [Doc. 75; 79] are hereby DENIED.**

Lastly, with regard to the Motion to Sever [Doc. 77] and Motion to Reinstate Motion to Compel [Doc. 78], Defendants argue:

> Lastly, Plaintiff has filed a Motion to Sever [Doc. No. 77] and a Motion to Reinstate Motion to Compel Discovery [Doc. No. 78]. Plaintiff has provided no substantive basis to justify undoing the Court's prior consolidation of 4:25-cv-00089-SA-JMV, 4:25-cv-00094-MPM-DAS, 4:25-cv-00097-DMB-DAS, and 4:25-cv-00098-MPM-JMV. Additionally, Plaintiff has alleged that Municipal Defendants have violated Rule 37 of the Federal Rules of Civil Procedure and requested that his Motion to Compel Discovery [Doc. No. 29] be reinstated. The Court issued an Order on October 2, 2025, staying all discovery in this matter, and Plaintiff has failed to demonstrate any basis to lift that Order Staying Certain Proceedings.

[Doc. 86] at 3.

The undersigned again agrees with Defendants and finds no basis for the relief requested. The *pro se* Plaintiff is reminded that as the Court set forth in its Order [Doc. 72] staying this case, the attorney conference and disclosure requirements and **all discovery** will remain stayed pending the court's ruling on the motion of Defendants Bryan Bracey and The City of Drew for Judgment on the Pleadings [Doc. 70].

While the Court declines to impose sanctions at this juncture, the *pro se* Plaintiff is warned that prolific filings without factual and legal basis will not be allowed to continue without repercussions. Plaintiff is reminded that while *pro se* litigants are given leniency, they are "not immune from the imposition of sanctions if they 'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *See Vinson v. Colom*, 2000 WL 1056297, *1 (5th Cir. 2000). Plaintiff must cease filing repetitive, vexatious, or frivolous motions.

For the reasons stated above, Plaintiff's Motion for Reconsideration [Doc. 68], Motion for Abuse of Process [Doc. 75], Motion to Sever [Doc. 77], Motion to Reinstate [Doc. 29] Motion to Compel Discovery [Doc. 78], and Motion for Abuse Process [Doc. 79] are hereby **DENIED.**

**SO ORDERED,** this the 3rd day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**