IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERRICK M. WILLIAMS**                                                                 **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 4:25-cv-89-RPC-JMV**

**OFFICER BRYAN BRACEY, et al.**                                     **DEFENDANTS**

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

This matter is before the Court on two motions for reconsideration [Doc. 97; 112] filed by the *pro se* Plaintiff on December 1, 2025, and January 14, 2026, respectfully. The motions appear to seek reconsideration of the Court's prior order denying reconsideration on November 3, 2025 [Doc. 93]. As discussed below, the motions shall be **DENIED.**

**I. The First Motion for Reconsideration [Doc. 97]**

The entirety of the first motion for reconsideration filed on December 1, 2025 [Doc. 97] states as follows:

"Notice of Appeal"
Memorandum in Support

1. I Derrick M Williams Plaintiff did file this motion timely. It was done email. This is paper copy. I enclosed an [sic] copy of email.
2. I Plaintiff Derrick M Williams file an [sic] Motion of Abuse on the Defendant.
3. Defendant was taking advantage of the Court.
4. Judge Virden Consolidated this case with other case that is tied up in other Courts. Motions in Court file to prove it and I also have copies if need [sic].
5. Defendant knew of situation that the other cases was [sic] tied up in other courts.
6. Defendant aim for the Judge to dismiss all cases with prejudice. This would have made the Court make an unfair Judgement [sic]. I Plaintiff Derrick M. Williams stop the Courts from making the mistake as you see in I Plaintiff Derrick M Williams Motions.
7. I Derrick M Williams Plaintiff stop the court from continuing in making the mistake and file and [sic] Motion Of Abuse on the Defendant.
8. And failed an [sic] motion of abuse on defendant for taking advantage of the Judge.

1

    10. All motions already filed within the Court to back it up.

    11. By Defendant taking advantage of this Court.

    12. My [sic] this Court restore all Plaintiff Motions and continue with proceedings.

    13. By Defendant violating American Bar Association 8.4 misconduct influencing an [sic] Judge and Federal Court Rule of Civil Procedure 11

[Doc. 97] at 1-2. The Plaintiff also attached three pages of an exhibit, which appear to be screenshots of an email. *Id.* at 3-5.

**Defendants' Responses in Opposition**

    1. **The City of Drew, Mississippi and Officer Bryan Bracey (collectively the "Municipal Defendants")**

On December 17, 2025, Defendants The City of Drew, Mississippi and Officer Bryan Bracey (collectively the "Municipal Defendants"), filed a response in opposition to the motion [Doc. 102].

Therein, Defendants argue as follows:

> Despite being warned by the Court in its prior Order [Doc. No. 93] that Plaintiff "must cease filing repetitive, vexatious, or frivolous motions," Plaintiff has now filed a meritless Motion for Reconsideration of Judgment [Doc. No. 97]. In this Motion, Plaintiff requests that his motions be restored to the docket. Presumably, Plaintiff is referring to the motions this Court denied in its November 3, 2025, order: [Doc. Nos. 68, 75, 76, 77, 78, 79].

[Doc. 102] at 1.

With regard to Plaintiff's motion for reconsideration [Doc. 97], Defendants correctly assert that "Plaintiff's Motion to Reconsider continues to complain about the consolidation of Associated Cases 4:25-cv-00089-SA-JMV, 4:25-cv-00094- MPM-DAS, 4:25-cv-00097-DMB-DAS, and 4:25-cv-00098-MPM-JMV. Plaintiff has again failed to produce any basis for the Court to undo its prior consolidation of these cases." *Id.* at 2. As it relates to Defendants' alleged "abuse of process," Defendants also correctly argue that "Plaintiff has failed to put forth any evidence to substantiate his claims that 'Defendant was taking advantage of the Court' or 'taking advantage of the Judge.'"

2

*Id.* at 2-3. Lastly, Defendants assert that Plaintiff's contention that the motion for judgment on the pleadings [Doc. 70] should be denied because granting it would be "an unfair judgement [sic]" is a threadbare assertion and wholly insufficient.[1] *Id.* at 3.

### 2. Sunflower County, Mississippi

In its response in opposition, Sunflower County argues:

> Plaintiff continues to complain about the consolidation of his causes of action and to assert the same vague, frivolous assertions that defendants are engaging in a "abuse" of process as he has asserted in the litany of motions he has filed in this cause. These arguments have already been rejected by this Court. Plaintiff continues to rehash them to unnecessarily to pepper the defendants with motions as a means of harassment.

[Doc. 103] at 2. Sunflower County further requests that not only should the motion be denied, but that "particularly given that this Court has already admonished Plaintiff for filing frivolous pleading and warned him that such conduct may warrant sanctions [Doc. 93 at 5], this Court should assess Plaintiff the movants' costs associated with the filing of this Response or grant any other relief that the Court might deem appropriate." [Doc. 103] at 4.

### II. The Second Motion for Reconsideration [Doc. 112]

The entirety of the second motion for reconsideration filed on January 14, 2026 [Doc. 112] states as follows:

"Letter of Reconsideration"
Memorandum in Support

To all Parties whom this may concern,

1. From Plaintiff Derrick M Williams point of view the Defendants have Federal and state charges.
2. Combining Federal and state cases together against FRCP and the U.S. Constitution.

---

[1] The motion for judgment on the pleadings [Doc. 70] is a dispositive motion that was filed on October 1, 2025, and currently remains pending before the District Judge. Under the Local Rules, the deadline to respond to said motion would have been October 15, 2025. Should Plaintiff desire to respond to this pending dispositive motion out of time, he must file a separate motion requesting to respond to the pending dispositive motion out of time.

3. Officer Bryan Bracey civil action no:4:25-cv-00089-MPM-JMV
   The City of Drew civil action no:4:25-cv-00094-MPM-JMV
   Sunflower County civil action no: 4:25-cv-00097-MPM-JMV
   Washington County, ET AL. Civil action no.:4:25-cv-00098-MPM-JMV
4. All these cases have been assigned to Judge Jane Virden. Judge Jane Virden have [sic] already made ruling [sic] on these cases.
5. Judge Roy Percy also made an [sic] ruling to consolidated Officer Bryan Bracey case civil action no: 4:25-cv-89-SA-JMV with The State of Mississippi case civil action no: 4:25-cv-170-SA-RP around 12/17/2025. Which violates court rules and the U.S Constitution
6. The leadings Attorney for Officer Bracey, City of Drew, Sunflower, and Washington County is Cannon A. Funderburk only Attorney enter an [sic] timely appearance for the Defendants. Any other Attorneys is [sic] assistants Cannon A. Funderburk. Only Attorney I should receive notice from concerning the above cases.
7. Judge Roy Percy making Judgement [sic] on civil action no.4:25-cv-17-SA-RP. Violates FRCP and the U.S Constitution because Plaintiff Derrick M Williams have an [sic] Post-Conviction Petition pending in Supreme Court concerning the above case.

Closing…

All parties need to come together so we can all be on the same page. Sending this letter to all Judges and Attorneys. I Plaintiff Derrick M Williams is King David Generation Prince of Heaven King on Earth. I have took [sic] everything this world throwed [sic] at me. If I couldn't handle it My Father wouldn't have made me this way. So am I'm mad no hurt yes this an [sic] jealous world. But I'm not here to mess there [sic] life up I believe people have good in them. An I believe they have learn [sic] their lesson because I am learning to go to war. I will like to thank them all because I have learn [sic] a lot. My favor [sic] thing to do is learn something new. I believe I've learn enough time for me to move on to something else. To all attorneys and Judges Let's settle this smooth quietly as possible outside of courtroom if possible I'm not an [sic] Judge, or Attorney so the courtroom is not my ground. Wasn't the Plaintiff Derrick M Williams drag it out this far I tried my best calling contacting all Defendants to settle this as quietly as possible.

[Doc. 112] at 1-2.

No responses were filed to the second motion for reconsideration.

### III. The Court's Findings

Rule 59(e) motions "'are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence'—not for raising arguments 'which could, and should, have been made before the judgment issued.'" *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 396

4

(5th Cir. 2021) (citing *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019) (quotation omitted)). Plaintiff has failed to present a single fact or change in the law in support of his motions for reconsideration. The undersigned finds that neither of the motions for reconsideration, to the extent they may be deciphered, are meritorious. The pro se Plaintiff is hereby directed to review the paragraph below regarding vexatious filings and the potential for sanctions included in the Court's first Order Denying Motion for Reconsideration:

> While the Court declines to impose sanctions at this juncture, the *pro se* Plaintiff is warned that prolific filings without factual and legal basis will not be allowed to continue without repercussions. Plaintiff is reminded that while *pro se* litigants are given leniency, they are "not immune from the imposition of sanctions if they 'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *See Vinson v. Colom*, 2000 WL 1056297, *1 (5th Cir. 2000). Plaintiff must cease filing repetitive, vexatious, or frivolous motions.

[Doc. 93] at 5.

The Court declines to impose sanctions or award costs or fees in this instance due to the fact that another matter (4:25-cv-170-SA-RP) was consolidated with the lead case on December 17, 2025, following entry of the Court's last Order Denying Motion for Reconsideration [Doc. 93] on November 3, 2025.[2] However, the Plaintiff is hereby given one final warning that while he has been given extensive leniency, he is not immune from the imposition of sanctions if he continues to clog the docket with meritless motions for reconsideration. Such sanctions will likely include attorneys' fees being awarded to Defendants for the arduous exercise of preparing responses to said meritless motions.

---

[2] That is not to say that Court finds either of the motions for reconsideration [Doc. 97; 112] to be meritorious, only that at least the second motion for reconsideration [Doc. 112] filed on January 14, 2026, purports to potentially address the most recent consolidation order. *See* Exh. 1 to [Doc. 105].

For the reasons stated above, Plaintiff's motions for reconsideration [Doc. 97; 112] are hereby **DENIED.**

**SO ORDERED,** this the 24rd day of February, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**
