IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK M. WILLIAMS                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO.: 4:25-cv-89-RPC-JMV

OFFICER BRYAN BRACEY, ET AL.                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Sunflower County's Motion for Judgment on the Pleadings pursuant to Rule 12(c), or Alternatively for Summary Judgment under Rule 56(a) of the Federal Rules of Civil Procedure. [Doc. 123]. Even after being instructed by the Court to do so, plaintiff Derrick Williams did not provide a response to the motion. The Court has therefore considered Sunflower County's motion on its merits without Williams's response. For the reasons set forth below, the Court finds Sunflower County's motion well taken and is hereby **GRANTED**.

I.      BACKGROUND

On February 10, 2020, Williams was arrested by Drew Police Department ("Drew PD") and charged with arson in violation of Mississippi Code Section 97-17-1(1).[1] Williams was accused of setting fire to a 2018 Ford Fusion and a 2008 Chevy Impala in Drew, Mississippi the day before his arrest. Shortly after his release on that charge, Williams was arrested again on

---

[1] Section 97-17-1(1) states:

Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, or any state-supported school building in this state whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than five (5) nor more than twenty (20) years and shall pay restitution for any damage caused.

1

February 25, 2020, by Officer Bryan Bracey of Drew PD and charged with aggravated assault in violation of Mississippi Code Section 97-3-7(2)(a)(ii)[2] and possession of a deadly weapon by a felon in violation of Mississippi Code Section 97-37-5(1).[3]

On January 6, 2022, a Sunflower County grand jury indicted Williams, in Cause No. 2021-0054, for aggravated assault with a firearm enhancement and possession of a firearm by a convicted felon. He was separately indicted on April 22, 2022, in Cause No. 2022-0014, for arson. On October 17, 2023, Williams entered two guilty pleas in the Sunflower County Circuit Court. In Cause No. 2021-0054, Williams pled guilty to unlawful possession of a firearm by a convicted felon. *See* [Doc. 70-2]. Pursuant to that agreement, the State dismissed the aggravated assault charge and Williams received a sentence of eight-years with five years to serve, followed by three years of post-release supervision.

In the arson matter, bearing Cause No. 2023-0038 BOI,[4] Williams pled guilty to arson in exchange for dismissal of Cause No. 2022-0014, restitution, and a sentence of two years of post-release supervision to run consecutive to the sentence imposed in Cause No. 2021-0054. *See* [Doc.

---

[2] Section 97-3-7(2)(a) states:

> A person is guilty of aggravated assault if he or she (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) causes any injury to a child who is in the process of boarding or exiting a school bus in the course of a violation of Section 63-3-615; and, upon conviction, he or she shall be punished by imprisonment in the county jail for not more than one (1) year or sentenced to the custody of the Department of Corrections for not more than twenty (20) years.

[3] Section 97-37-5(1) states that: "[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm . . . ."

[4] Williams's Petition to Enter Guilty Plea [Doc. 70-1 at 8] is labeled Cause No. 2023-0038 BOI, Cause No. 2022-0014 is crossed out and relabeled with the new cause number. This Court is unaware as to the specific reason for the change in cause number.

70-1]. The arson charge in Cause No. 2022-0014, was dismissed by order on October 23, 2023, at the request of the State and on October 26, 2023, the Sunflower County Circuit Court entered an Order Nolle Prosequi dismissing the aggravated assault charge.

On June 23, 2025, Williams filed suit against Officer Bracey, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights. *See* [Doc. 1] In his Complaint, Williams alleged that Officer Bracey arrested him on five counts of aggravated assault and at some point, during that arrest, stole a lottery ticket from his wallet. *See* [Doc. 1-2]. Williams claimed that he had already scratched the ticket before it was taken, revealing three-dollar signs. According to Williams, Officer Bracey later used the ticket proceeds to purchase an apartment complex. Williams sought $500,000.00 in compensatory damages. On August 26, 2025, Williams filed an Amended Complaint [Doc. 37] seeking $100,000.00 in punitive damages, or in the alternative, the value of the stolen ticket.[5]

Williams subsequently filed a series of additional complaints, expanding both his factual allegations and the number of named defendants. *See* [Doc. 38, 39, 54, and 107]. The additional defendants included: the City of Drew; Investigator Edward Dwight Lucas; Chief of Police Terry Tyler (collectively referred to as the "Drew Defendants");[6] Sunflower County; Sunflower County Jail; Sunflower County Courts; Assistant District Attorney Takiyah H. Perkins; Circuit Court Judge Richard A. Smith; James Littleton; Washington County Regional Facility; Washington County Jailers; Williams's former attorney, Author Calderon; and the State of Mississippi. *Id*.

---

[5] Williams does not specify the value of the ticket in either complaint.

[6] On October 1, 2025, the City of Drew and Officer Bracey filed a motion for judgement on the pleadings under Rule 12(c), contending that Williams failed to allege a plausible claim for relief, to establish a constitutional violation, and that his state law claims were barred by the Mississippi Torts Claims Act ("MTCA"). *See* [Doc. 70].

In his Amended Complaint filed on August 26, 2025, Williams asserted Fourth, Fifth, Eighth, and Fourteenth Amendment claims against Sunflower County, Calderon – public defender, Judge Smith, ADA Perkins, and James Littleton. While it appears that Williams's claims against Sunflower County stem from his 2020 arrests, Williams does not identify any specific acts or omissions attributable to Sunflower County or the individual defendants, nor does he describe any misconduct committed by Sunflower County or these individual defendants.

On December 11, 2025, Judge Smith and ADA Perkins filed a motion to dismiss pursuant to Rule 12(b)(6), contending that Williams failed to state a claim upon which relief could be granted. *See* [Doc. 99]. On January 14, 2026, Sunflower County Jail moved to dismiss Williams's claims pursuant to Rule 12(b)(6). *See* [Docs. 109].[7]

On January 14, 2026, Williams also filed an additional complaint naming the State of Mississippi, the Sunflower County Jail, and Sunflower County Courts, as defendants. He alleged violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, seeking both monetary compensation and exoneration of his convictions. [Doc. 107]. Attached to that complaint, is a statement in which Williams appears to direct his allegations primarily at the City of Drew and Drew PD, naming Judge Smith, ADA Perkins, and Calderon among those responsible for the alleged violations. On May 12, 2026, this Court entered orders dismissing Judge Smith and ADA Perkins as well as Sunflower County jail. *See* [Docs. 119, 120, and 121].

On May 18, 2026, Sunflower County moved to dismiss Williams's remaining Section 1983 claims asserted against it pursuant to Rule 12(c). The county has alternatively sought summary

---

[7] On January 14, 2026, the State of Mississippi also moved to dismiss Williams's claims pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, contending that this Court lacked subject matter jurisdiction of Williams's claims because of the state's entitlement to Eleventh Amendment immunity. *See* [Doc. 110]. On May 12, 2026, the Court entered an Order dismissing the state from suit with prejudice. [*See* Doc. 121].

judgment pursuant to Rule 56(a). *See* [Doc. 123]. In its memorandum brief, Sunflower County contends that Williams Section 1983 claims arising from his 2020 arrests are time barred pursuant to Mississippi's general three-year statute of limitation under Mississippi Code § 15-1-49(1).[8]

## II.  STANDARD OF REVIEW

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." ***Roberts v. City of Booneville, Mississippi***, No. 1:23-CV-150-GHD-RP, 2025 WL 510920, *2 (N.D. Miss. Feb. 14, 2025). "A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion." ***Id***. "Thus, to survive dismissal under Rule 12(c), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Descant v. CTCI Americas, Inc.***, No. 25-40112, 2025 WL 3110795, *3 (5th Cir. Nov. 6, 2025). "While a court must look only to the pleadings when ruling on a Rule 12(c) motion, if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgement under Rule 56." ***Id***. at *4. A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the "material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." ***Id***.

## III.  ANALYSIS

---

[8] Miss. Code § 15-1-49 states:

  (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

  (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

  (3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.

**A. Whether Williams's 1983 Claims are Time Barred?**

Williams contends that Sunflower County violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights under Section 1983, when he was falsely arrested and imprisoned by Drew Police Department in 2020. Williams seeks that all charges brought against him in Sunflower County courts be cleared, that his rights be restored, and that he be paid per-diem per-day for time served during the alleged wrongful incarcerations. *See* [Doc. 107]. Sunflower County argues that Williams's Section 1983 claims are time-barred pursuant to Miss. Code § 15-1-49(1).[9]

Taking a liberal view of Williams' allegations as they are presented, the Court agrees that Williams's claims against the county and stemming from his arrests in February 2020 are time barred. The record reflects that Williams was arrested and charged with arson in February 2020, and arrested again later that month on additional charges. Any claims against Sunflower County arising from those arrests accrued at that time. Williams had from February 2020 until February 2023 to file any false arrest claims stemming from his charges. Then he had from June 6, 2021, when he was released on the charges for which he was arrested, until June 6, 2024, to file Section 1983 claims against Sunflower County arising out of his alleged wrongful detention. Williams did not bring his claims against Sunflower County until June 25, 2025, more than three years after the events at issue. His claims are therefore untimely and must be dismissed.

**B. Section 1983 and Municipal Liability**

Section 1983 provides a cause of action against any person who, acting under the color of state law, deprives another of rights secured by the Constitution and laws of the United States. *See*

---

[9] "For § 1983 actions, federal courts borrow the forum state's statute of limitations for personal injury actions." *See* ***Jackson v. Ware Youth Ctr.***, No. 23-30348, 2024 WL 669313, *1 (5th Cir. Feb. 19, 2024). Williams's § 1983 claims are therefore governed by and analyzed under Mississippi's statute of limitations, specifically Miss. Code § 15-1-49(1) under the present facts.

42 U.S.C. § 1983. This Court assesses whether a Section 1983 claim is viable against counties such as Sunflower County pursuant to the principles outlined in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, \*690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In *Monell*, the United States Supreme Court held that local governing bodies can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, \*690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, to establish municipal liability under Section 1983, Williams must demonstrate the "deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Miller*, 2025 WL 1461831 \*3 (internal citations omitted). This requires establishing "(1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Id*. The Fifth Circuit has recognized three avenues by which an official policy may be established.

> First, a policy statement formally announced by an official policymaker. Second, a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. And third, a single unconstitutional act by a final policymaker.

*Cambric v. City of Corpus Christi*, 170 F.4th 321, 325 (5th Cir. 2026) (internal citations omitted). Critically, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur . . ." *Harmon*, 2025 WL 2085530, at \*5. "A municipality cannot be held liable under Section 1983 on a *respondeat* superior theory." *Brister v. Walthall Cnty. Sheriff Deputies*, No. 2:05CV2045KS-MTP, 2007 WL 2254446, \*6 (S.D. Miss. Aug. 1, 2007). Isolated acts of misconduct by individual municipal employees will almost never give rise

7

to municipal liability in the context of a § 1983 claim. *See **Passman v. Thames**,* No. CIV.A. 205CV85KSJMR, 2006 WL 1195627, *8 (S.D. Miss. May 2, 2006) ("Liability can never be imposed on the basis of *respondeat* superior."). What is required is evidence of persistent, repeated violations, "evidenc[ing] a deliberate indifference to the rights of the plaintiff." *Id*. ("There must either be direct involvement of the county in the infringement, or the violation must occur as a result of the county's official policy.").

> A municipality acts with deliberate indifference in adopting an otherwise constitutional policy if in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.

**Brister**, 2007 WL 2254446 at *6 (citing **Benavides v. County of Wilson***, 955 F.2d 968, 972 (5th Cir.1992)).

Sunflower County contends that Williams has failed to sufficiently allege viable Section 1983 claims against it because he fails to plead factual details portraying how Sunflower County deprived him of a federally protected right. In his complaint against Sunflower County, Williams vaguely alleges Fourth, Fifth, Eighth and Fourteenth Amendment violations and seeks exoneration of his convictions and monetary compensation from Sunflower County. [Doc. 107]. However, Williams's allegations against Sunflower County are merely repetitious conclusory statements mirroring those asserted against the Drew defendants, which have been dismissed from suit. Williams names Judge Richard Smith, ADA Perkins, and his prior public defender as "those responsible" for the Drew defendants' alleged constitutional violations against him. As this Court held in its Memorandum Opinion issued on May 12, 2026, such bare and conclusory allegations, however, do not clear the pleading threshold necessary to establish municipal liability. *See* **Harmon**, 2025 WL 2085530, at *5; *see also* **Miller**, 2025 WL 1461831 *6 ("Because the

8

Complaint does not adequately allege a widespread practice of violating individuals' constitutional rights sufficient to establish an official policy of Jones County, Plaintiff's claim of a pattern and practice of violating individuals' constitutional rights cannot survive.")

Williams claims of false arrests and imprisonment fare no better. "A false arrest occurs, and an individual's Fourth Amendment rights are violated, when an officer conducts an arrest without probable cause." ***Wood v. Bexar Cnty., Texas***, 147 F.4th 534, 546 (5th Cir. 2025). Williams does not allege that any of his arrests or detentions lacked probable cause. In addition, the record reflects that Williams pled guilty to the charges arising from his 2020 arrests and was sentenced to eight years with five to serve.[10] The mere fact of detention, or the imposition of bail or fines, does not, without more, establish a violation of the Constitution. These bare allegations, wholly lack factual details to support a reasonable inference that a persistent, widespread municipal policy existed. Moreover, Williams has not identified any similar incidents involving other individuals that would support an inference of a persistent, widespread custom. *See **Harmon***, 2025 WL 2085530 at *5; *see also **Miller***, 2025 WL 1461831 at *6 ("Because the Complaint does not adequately allege a widespread practice of violating individuals' constitutional rights sufficient to establish an official policy of Jones County, Plaintiff's claim of a pattern and practice of violating individuals' constitutional rights cannot survive."). Accordingly, Williams Section 1983 claims against Sunflower County are dismissed with prejudice.

### C. *Heck v. Humphrey*

Additionally, Williams's claims are barred pursuant to the holdings presented in ***Heck v. Humphrey***, which have been interpreted to prohibit "the use of Section 1983 [claims] to challenge

---

[10] *See **Royal Oil Co. v. Wells***, 500 So. 2d 439, 443 (Miss. 1986) ("When a conviction is obtained in a lower court prosecution, whether reversed or not, a prima facie case is made that probable cause is present, in the absence of fraud, perjury or other corrupt practices.").

the validity of a prior conviction or sentence so as to obtain release from custody or monetary damages." 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994)*; see also **Olivier v. City of Brandon, Mississippi**, 607 U.S. 552, 556 (2026). As explained in **Hunter v. Town of Edwards**, 871 F. Supp.2d 558, 564 (S.D. Miss. 2012):

> Under *Heck,* to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been *reversed on direct appeal*, *expunged by executive order, or declared invalid by a state tribunal authorized to make such determination*. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. (internal citations omitted).

None of these prerequisites are satisfied here: Williams conviction has not been reversed on direct appeal, has not been expunged by executive order, and has not been declared invalid by a state tribunal authorized to make such a determination.[11] Williams seeks that all charges brought against him in Sunflower County courts be cleared, that his rights be restored, and that he be paid per-diem per-day for his time served during the alleged wrongful incarcerations. What Williams has not alleged or otherwise shown is that his convictions or sentences have been reversed, expunged, or otherwise invalidated as required under **Heck**. "The Fifth Circuit has specifically noted that false-arrest . . . claims challenge the existence of probable cause and thus, by their essence are collateral attacks on a criminal judgment's validity." **Jones v. McLendon**, No. 3:18-CV-884-HSO-JCG, 2020 WL 5405783, *5 (S.D. Miss. Apr. 16, 2020). "Such attacks run afoul of **Heck's** policy of finality." **Id**. Accordingly, Williams's challenge of the validity of his

---

[11] On October 26, 2023, Williams entered a guilty plea to, and was convicted of, Count II—possession of a weapon by a felon. [Doc. 70-2]. He was sentenced to eight (8) years in the custody of the Mississippi Department of Corrections, with five (5) years to serve, followed by three (3) years of post-release supervision. *Id.* The Circuit Court of Sunflower County also entered an order of nolle prosequi as to Count I (aggravated assault). *Id.*

10

convictions, charges, or resulting imprisonment, are therefore barred by *Heck* and are not cognizable claims under Section 1983.

### D. State Law Claims

To the extent Williams asserts state law claims against Sunflower County those claims are barred by the Mississippi Tort Claims Act ("MTCA"), which requires that "before a claimant files suit against a governmental entity, a notice of claim must first be filed with that entity." *See* Miss. Code § 11-46-11(1);[12] *Whitefoot*, 2016 WL 4470769, at *5. Substantial compliance with the MTCA's pre-suit notice provisions is a well-settled prerequisite to suit under Mississippi law. *Id*. The record reflects that Sunflower County raised Williams's failure to provide MTCA pre-suit notice as a defense in their answer [Doc. 108]. Williams did not respond to Sunflower County's motion for a judgment on the pleadings, and has otherwise produced no evidence of his compliance with the MTCA's notice requirements.

## IV. CONCLUSION

For the reasons set forth above, Williams has failed to state a claim upon which relief can be granted against Sunflower County. All claims against this defendant are therefore dismissed with prejudice.[13]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings [123] filed by Sunflower County is **GRANTED**.

This the 14th day of July, 2026.

---

[12] Miss. Code § 11-46-11(1) states:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.

[13] This ruling does not affect the remaining defendants: James Littleton, Washington County, Washington Co. Regional Facility, Washington Co. Jailers, or Attorney Arthur Calderon.

**UNITED STATES DISTRICT JUDGE**