IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERRICK M. WILLIAMS                                              PLAINTIFF

VS.                                      CIVIL ACTION NO.: 4:25-cv-89-RPC-JMV

OFFICER BRYAN BRACEY, ET AL.                                    DEFENDANTS

**ORDER LIFTING STAY AND DIRECTING PLAINTIFF TO SHOW CAUSE**

This matter is before the Court *sua sponte* to lift the stay of the case in light of the District

Judge's Memorandum Opinion and Order Granting Motion for Judgment on the Pleadings [Docs.

127, 128].

The Court also finds that Plaintiff shall be required to show cause for failure to prosecute

as to three Defendants, namely Washington County, Mississippi, Washington County Jailers and

Washington County Regional Facility, who are sued in their official capacities.[1] The lead case in

this consolidated matter was filed on June 23, 2025 [Doc. 1].

The docket reflects that the summons for Defendant Washington County, Mississippi was

returned as executed, with service having been made on October 2, 2025. [Doc. 74]. While counsel

attempted to enter an appearance on behalf of Defendant Washington County, Mississippi in the

---

[1] As District Judge Chamberlin recognized in his May 12, 2026, opinion:

> This district has consistently held that claims asserted against municipal officials in their official capacities are treated as claims against the municipality itself. *Roland v. Humphreys Cnty., Miss.*, No. 4:20-CV-111-DMB-DAS, 2022 WL 141855, *4 (N.D. Miss. Jan. 14, 2022) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). Because the City of Drew is a named defendant, Williams's official capacity claims against Chief Tyler, Investigator Lucas, and Officer Bracey are redundant of those asserted against the city and are therefore subject to dismissal. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010); *see also Harmon v. Ocean Springs, Miss.*, No. 1:24-CV-242-HSO-RPM, 2025 WL 2085530, *3 (S.D. Miss. July 24, 2025).

[Doc. 117] at 10.

Similarly, the claims made in this suit against Washington County Regional Facility and Washington County Jailers in their official capacity are tantamount to a suit against Washington County, Mississippi.

case that had been administratively closed (4:25-cv-98), as of the date of this order, Defendant Washington County, Mississippi has failed to answer or otherwise respond to the complaint within twenty-one days after being served in accordance with Fed. R. Civ. P. 12(a)(1)(A), and to date, Plaintiff has failed to move for entry of default in accordance with Fed. R. Civ. P. 55(a).[2]

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

Here, it has been several months since the deadline to answer passed for Defendant Washington County, Mississippi, or the two other Washington County Defendants sued in their official capacities.

**IT IS, THEREFORE, ORDERED** that the stay of this case shall be and is hereby LIFTED and that within fourteen (14) days of this Order, or by August 5, 2026, Plaintiff must show cause why this action should not be dismissed against Defendants Washington County, Mississippi, Washington County Jailers, and Washington County Regional Facility, in their official capacities, for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Failure to do so will result in the undersigned recommending dismissal of this cause against them.

**SO ORDERED** this, the 22nd day of July, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff had filed a motion for default judgment against Defendant Washington County, Mississippi [Doc. 76], which was denied by the District Judge on May 13, 2026, [Doc. 122] because there had been no entry of default against said Defendant.