**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DERRICK M. WILLIAMS**                                                    **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 4:25-cv-89-RPC-JMV**

**OFFICER BRYAN BRACEY, ET AL.**                                         **DEFENDANTS**

## <u>ORDER</u>

This matter is before the Court, *sua sponte*, for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff Derrick M. Williams ("Williams") brings forth this action, proceeding *pro se* and *in forma pauperis*. [Doc. 5]. Having reviewed his Amended Complaint [Doc. 39] and the applicable law, and being fully advised on the premises, the Court finds that Williams has failed to state a claim against Defendants Author Calderon ("Calderon") and James Littleton ("Littleton"). Accordingly, Williams's claims against Calderon and Littleton, in their official capacities, are **DISMISSED** *with prejudice*.

The facts of this case are fully set forth in the Court's previous opinions and orders and are incorporated here by reference. *See* [Docs. 117, 127]. On July 14, 2026, the Court granted Sunflower County's Motion for Judgment on the Pleadings thereby dismissing Sunflower County from this action with prejudice. *See* [Docs. 127, 128].[1]

Under 28 U.S.C. § 1915(a), this Court "must dismiss an IFP case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." ***Blakney v. MS Reg'l 8***, 1:15CV152-LG-RHW, 2015 WL 4716457, *1 (S.D. Miss. Aug. 7, 2015) (citing 28 U.S.C. 1915(e)(2)(B) (internal citations omitted)). "A claim may be dismissed for

---

[1] Sunflower County filed its Motion solely on its own behalf, and the Motion makes no mention Calderon or Littleton. [Doc. 123].

failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Id*.

For the reasons articulated in the Court's Memorandum Opinion and Order dismissing Sunflower County, Williams's claims against Calderon and Littleton must also be dismissed. *See* [Doc. 127]. According to Williams, both Calderon and Littleton served as public defenders for Sunflower County, and Williams has sued them only in their official capacities. [Doc. 39]. The Amended Complaint contains no more than broad, conclusory allegations that the defendants violated Williams's Fourth, Fifth, Eighth, and Fourteenth Amendment rights, without identifying any specific act or omission by either defendant, or any causal connection between their conduct and harm alleged. *Id*. Because claims "asserted against municipal officials in their official capacities are treated as claims against the municipality itself[,]" Williams's official capacity claims against Calderon and Littleton are redundant of those asserted against Sunflower County. *Williams v. Bracey*, CV 4:25-CV-89-RPC-JMV, 2026 WL 1303156, *5 (N.D. Miss. May 12, 2026) (citing *Roland v. Humphreys Cnty., Miss.*, No. 4:20-CV-111-DMB-DAS, 2022 WL 141855, *4 (N.D. Miss. Jan. 14, 2022)). Thus, like Sunflower County, which has already been dismissed from this action with prejudice, Calderon and Littleton must be dismissed as well. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010); *see also Harmon v. Ocean Springs, Miss.*, No. 1:24-CV-242-HSO-RPM, 2025 WL 2085530, *3 (S.D. Miss. July 24, 2025).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Author Calderon and James Littleton are thereby dismissed with prejudice.

**SO ORDERED**, this the 24th day of July, 2026.

_____
**UNITED STATES DISTRICT JUDGE**